UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

KEITH GAITHER, ET AL.              :          NO. 3:07CV667(WWE)

V.

THE HOUSING AUTHORITY
OF THE CITY OF NEW HAVEN,
ET AL.                             :          AUGUST 3, 2007

### MEMORANDUM OF LAW IN OPPOSITION TO THE PLAINTIFFS' MOTION TO COMPEL DATED JULY 24, 2007

**INTRODUCTION:**

On July 24, 2007, the plaintiffs filed a Motion to Compel in regard to some outstanding discovery issues in this matter. This Memorandum of Law is submitted in support of the objection of the defendants to the Motion to Compel.

**CHRONOLOGY:**

In the beginning of the plaintiff's Memorandum, a chronology of events is set forth. It is submitted that several important elements were missing from the chronology and the defendants add the following:

1. April 5, 2007: The plaintiff files a Freedom of Information Act request for documents on the Housing Authority and this request is fully complied with.

1
LYNCH, TRAUB, KEEFE AND ERRANTE, P. C.  ATTORNEYS AT LAW
52 TRUMBULL STREET  P.O. BOX 1612  NEW HAVEN, CONNECTICUT 06506-1612
TELEPHONE (203) 787-0275  FACSIMILE (203) 782-0278

W:\11000-11999\11937 HOUSING AUTHORITY\193 RHONDA GAITHER VS. NHHA (CHRO)\PLEADINGS\2007\MEMO OF LAW IN SUPPORT OF PLTS MOT TO COMPEL DATED JULY 24 2007 - DAP 07-31-07.DOC

2. On May 23, 2007, the plaintiff filed a First Request for Admissions as to the Housing Authority and this was fully complied with.

3. On June 6, 2007, the plaintiff filed a Freedom of Information Act request which was fully complied with.

4. On June 14, 2007, the plaintiff files a First Request for Admissions directed to the defendant Maureen Novak to which the defendants have fully responded.

5. On June 14, 2007, the plaintiff filed a First Request for Admissions on the directed to the defendant Jimmy Miller and a full compliance has been provided to this.

In addition, it is submitted that the chronology submitted by the plaintiff needs to be supplemented to indicate exactly what documentation has been provided to the plaintiffs. In reviewing the plaintiff's Memorandum in support of a Motion to Compel, one might get the impression that the Housing Authority has not produced substantial documents to the plaintiffs. The following additions to the chronology submitted by the plaintiffs will dispel this notion:

1. June 11, 2007: the plaintiffs note in their chronology that the defendants refuse to enter a stipulated protective order. The plaintiffs neglect to indicate that the reason for the objection to a stipulated protective order which is set forth in the objection

2

LYNCH, TRAUB, KEEFE AND ERRANTE, P. C.   ATTORNEYS AT LAW
52 TRUMBULL STREET   P.O. BOX 1612   NEW HAVEN, CONNECTICUT 06506-1612
TELEPHONE (203) 787-0275   FACSIMILE (203) 782-0278

W:\11000-11999\11937 HOUSING AUTHORITY\193 RHONDA GAITHER VS. NHHA (CHRO)\PLEADINGS\2007\MEMO OF LAW IN SUPPORT OF PLTS MOT TO COMPEL DATED JULY 24 2007 - DAP 07-31-07.DOC

to the request for production number 5, in the plaintiff's first set of Interrogatories and Request for Production directed to the Housing Authority with a date of May 2, 2007. Specifically, the concern of the defendants is to protect the confidentiality of potential residents and recipients of Section 8 benefits. The protective order submitted by the plaintiffs does not protect the confidentiality of these individuals and as such, is inappropriate. Federal Law prohibits the Housing Authority from disclosing the names of recipients of public housing benefits.

2.  June 25, 2007: this entry relates to the electronic discovery conference held on that date. The plaintiffs claim that the defendants failed to bring a representative who is knowledgeable about the electronic data at the Housing Authority. This indication is not entirely correct. Ms. Maureen Novak did attend the meeting and provided counsel with a set of documents listing all of these headings indicating what materials were available on the electronic system. In addition, Ms. Novak confirmed that in regard to the Gaither's the relevant material had already been copied and provided to counsel. In addition, Ms. Novak provided counsel for the plaintiff with a printout of the different headings for materials available and requested that the attorney for the plaintiff advise the Housing Authority if there are specific things from the list of materials that need to be produced.

3
LYNCH, TRAUB, KEEFE AND ERRANTE, P. C.   ATTORNEYS AT LAW
52 TRUMBULL STREET   P.O. BOX 1612   NEW HAVEN, CONNECTICUT 06506-1612
TELEPHONE (203) 787-0275   FACSIMILE (203) 782-0278

W:\11000-11999\11937 HOUSING AUTHORITY\193 RHONDA GAITHER VS. NHHA (CHRO)\PLEADINGS\2007\MEMO OF LAW IN SUPPORT OF PLTS MOT TO COMPEL DATED JULY 24 2007 - DAP 07-31-07.DOC

Counsel for the plaintiff did not respond to counsel for the defendants in regard to any categories or items on the documents provided that she wished to obtain copies of.

3.July 2, 2007: The plaintiffs note that there was a partial discovery compliance submitted on this date.  The plaintiffs did not also indicate that on that date the parties engaged in lengthy settlement discussions before Magistrate Fitzsimmons and had several follow ups with Magistrate Fitzsimmons following that date.  The defendants spent a significant amount of time, especially Ms. Maureen Novak, in follow up to the discussions at the settlement conference in an effort to resolve the matter.  These efforts proved unsuccessful.  The letter obtained from HUD dated July 26, 2007 has been provided to Magistrate Fitzsimmons as well as the attorney for the plaintiffs.

Based upon the above information, it is submitted that the defendants have provided substantial documentation to the plaintiffs as of this time.

**RESPONSE TO THE "ARGUMENT" SECTION OF THE PLAINTIFFS' MEMORANDUM OF JULY 24, 2007**

**CLAIM OF UNDUE BURDEN**

The plaintiff claims that the defendants have improperly objected to a number of discovery requests based upon the claim that the requests are unduly burdensome.  The plaintiffs submit that the objection is not justified.

4
LYNCH, TRAUB, KEEFE AND ERRANTE, P. C.   ATTORNEYS AT LAW
52 TRUMBULL STREET   P.O. BOX 1612   NEW HAVEN, CONNECTICUT 06506-1612
TELEPHONE (203) 787-0275   FACSIMILE (203) 782-0278

W:\11000-11999\11937 HOUSING AUTHORITY\193 RHONDA GAITHER VS. NHHA (CHRO)\PLEADINGS\2007\MEMO OF LAW IN SUPPORT OF PLTS MOT TO COMPEL DATED JULY 24 2007 - DAP 07-31-07.DOC

As an example, the court can look at request for production number 4 of the Interrogatories and Request for Production addressed to the Housing Authority with a date of May 2, 2007. This request asks for "all documents possessed by you concerning the plaintiffs". This is a classic example of an overly broad request. It would require the Housing Authority to search for any piece of paper that makes any reference to the Gaither's. It is submitted that the Housing Authority should not be required to undergo such an analysis. This objection must also be considered in light of the compliance that has already been provided. Specifically, a copy of the Section 8 file of the Gaither's has already been provided to the plaintiffs. The plaintiffs have not indicated that there is something that they believe they are entitled to in addition to what has already been provided. As such, it is submitted that the defendants have complied in a reasonable basis to this request and that they should not be required to do anything further.

The plaintiffs use as an example interrogatory #4 addressed to the defendant Maureen Novak. Although it is true that an objection was raised to this interrogatory, it is also true that the response to the interrogatory dated June 11, 2007 does refer to the documents produced in regard to request for production number 2. In response to that request, the defendants provided numerous documents in regard to the Gaither's. It is

5
LYNCH, TRAUB, KEEFE AND ERRANTE, P. C.   ATTORNEYS AT LAW
52 TRUMBULL STREET   P.O. BOX 1612   NEW HAVEN, CONNECTICUT 06506-1612
TELEPHONE (203) 787-0275   FACSIMILE (203) 782-0278

W:\11000-11999\11937 HOUSING AUTHORITY\193 RHONDA GAITHER VS. NHHA (CHRO)\PLEADINGS\2007\MEMO OF LAW IN SUPPORT OF PLTS MOT TO COMPEL DATED JULY 24 2007 - DAP 07-31-07.DOC

submitted that in spite of the fact that an objection has been raised this response has been complied with and further discovery should not be ordered.

In their Memorandum, the plaintiffs give another example on this issue and refer to request number 8 of the First Set of Interrogatories and Request for Production addressed to the defendant Housing Authority dated May 2, 2007. Request number 8 seeks an inspection of Section 8 files of "each person who has mobility impairment, uses a wheelchair, or uses a walker." The plaintiff's attorney offers to review the files as opposed to having the Housing Authority make the search. However, in addition to the objection in regard to the request being unduly burdensome, the more significant objection is that the records are confidential. The names of the individuals involved are not something that is subject to discovery pursuant to federal law, and this is the issue that is more significant in regard to that request then the production of documents.

**"RECORDS OF PRE-LAWSUIT COMMUNICATIONS WITH THE PLAINTIFFS."**

The plaintiffs refer to request 2, 3, and 4 relating to the plaintiff's first set of Interrogatories and Request for Production addressed to the defendant Housing Authority dated May 2, 2007. In regard to these materials, the defendants have responded to the plaintiffs first set of Interrogatories and Request for Production directed to the defendant

6
LYNCH, TRAUB, KEEFE AND ERRANTE, P. C.   ATTORNEYS AT LAW
52 TRUMBULL STREET   P.O. BOX 1612   NEW HAVEN, CONNECTICUT 06506-1612
TELEPHONE (203) 787-0275   FACSIMILE (203) 782-0278

W:\11000-11999\11937 HOUSING AUTHORITY\193 RHONDA GAITHER VS. NHHA (CHRO)\PLEADINGS\2007\MEMO OF LAW IN SUPPORT OF PLTS MOT TO COMPEL DATED JULY 24 2007 - DAP 07-31-07.DOC

Jimmy Miller on June 11, 2007 and have provided documentation that is responsive to these requests.  In addition, the plaintiffs indicate that they are entitled a "CD Rom" containing electronic documents based upon a "key word search" relating to nine phrases set forth by the plaintiffs in request number 5 of the May 2, 2007 Interrogatories and Request for Production (first set) directed to Mr. Miller.  The defendants have already produced documentation covering many of these areas and it is submitted that the defendants are not required to do such "key word searches" and produce additional materials to the plaintiff.  The plaintiffs have not established that there are any additional documents which they believe they are entitled to in regard to this issue.

**INTERROGATORIES:**

The plaintiffs seek a response to interrogatories 1 and 2 of the Interrogatories addressed to the defendant Maureen Novak dated May 2, 2007.  Interrogatory No. 1 asks Ms. Novak to "describe the date and substance of each communication…" A similar request is made in interrogatory number 2 in regard to any Housing Authority employee that had such contact.  Interrogatory number 3 asks for the same information in regard to the Voluntarily Compliance Agreement.  The basis for the objection is that to require the Housing Authority to describe each and every communication would be unduly

7
Lynch, Traub, Keefe and Errante, p. c.   Attorneys at Law
52 Trumbull Street   p.o. box 1612   New Haven, Connecticut 06506-1612
telephone (203) 787-0275   facsimile (203) 782-0278

W:\11000-11999\11937 Housing Authority\193 Rhonda Gaither vs. NHHA (CHRO)\Pleadings\2007\Memo of Law in Support of Plts Mot to Compel dated July 24 2007 - dap 07-31-07.doc

burdensome.  The documentation that exists in regard to Ms. Gaither has been produced. Further compliance should not be required.

In this section of the Memorandum, the plaintiffs state "incredibly, the defendants deny in their answer and admissions that the Gaither household ever requested a reasonable accommodation." The plaintiffs seem to think that this denial allows them to have unfettered discovery.  However, the response to this statement is that the term "reasonable accommodation" has a certain meaning to the Housing Authority.  The Housing Authority did not consider the request made by Ms. Gaither an accommodation request but a request that certain steps be taken to work with the Gaither family.  The Housing Authority did respond to the request dated September 15, 2006, but did not consider it per se a "reasonable accommodation."  For this reason, the Request for Admissions on this issue was denied.  The Housing Authority has already produced documentation in regard to the steps taken by the Housing Authority after the request of September 15, 2006.  The plaintiffs also claim in the Memorandum that interrogatories 1 and 2 referred to above are broader than simply information in regard to the plaintiffs. However, the actual question is specifically limited to the plaintiffs and as such, it should not extend to anybody beyond them.  The remaining requests currently seek the names of

8
LYNCH, TRAUB, KEEFE AND ERRANTE, P. C.   ATTORNEYS AT LAW
52 TRUMBULL STREET   P.O. BOX 1612   NEW HAVEN, CONNECTICUT 06506-1612
TELEPHONE (203) 787-0275   FACSIMILE (203) 782-0278

W:\11000-11999\11937 HOUSING AUTHORITY\193 RHONDA GAITHER VS. NHHA (CHRO)\PLEADINGS\2007\MEMO OF LAW IN SUPPORT OF PLTS MOT TO COMPEL DATED JULY 24 2007 - DAP 07-31-07.DOC

individuals who are entitled to confidentiality and as such, the discovery requests have not been responded.

**RECORDS OF OTHER HOUSING AUTHORITY SECTION 8 HOUSEHOLDS**

In this set of requests, the plaintiffs seek information in regard to Section 8 tenants, applicants or voucher holders. The plaintiffs claim that they are entitled to this information in order to establish a basis for the claim of discrimination. The plaintiffs cite the case of <u>Hollander v. American Syanamid Company</u>, 895 F.2nd 80, 84-85 (Second Cir. (1990)) for the proposition that they are entitled to evidence of "organization wide practices" in regard to establishing whether or not the claim of the organization that there are non-discriminatory reasons for its actions are justified. First of all, the court noted in <u>Hollander</u> that the discovery requests of the plaintiff "sought information regarding the determination of similarly situated persons." As such, the first limitation of the request of the plaintiffs must be to similarly situated people. It is submitted that request 5 and 6 meet this restriction.

The additional problem with this request is that it seeks the disclosure of confidential information in regard to other individuals who are the recipients of public housing benefits. Federal law prohibits the Housing Authority from disclosing this

9
LYNCH, TRAUB, KEEFE AND ERRANTE, P. C.   ATTORNEYS AT LAW
52 TRUMBULL STREET   P.O. BOX 1612   NEW HAVEN, CONNECTICUT 06506-1612
TELEPHONE (203) 787-0275   FACSIMILE (203) 782-0278

W:\11000-11999\11937 HOUSING AUTHORITY\193 RHONDA GAITHER VS. NHHA (CHRO)\PLEADINGS\2007\MEMO OF LAW IN SUPPORT OF PLTS MOT TO COMPEL DATED JULY 24 2007 - DAP 07-31-07.DOC

information and the plaintiffs have not shown any authority which would allow the Housing Authority to violate a law in this regard. The Housing Authority is in the process of attempting to prepare a document providing a summary of information in regard to reasonable accommodation requests which will protect the confidentiality of the individuals involved and also give the plaintiffs information in regard to other reasonable accommodation requests. This document will be produced as soon as it is available and is expected to be available within the next week to 10 days.

Interrogatory No. 6 seeks information in regard to all Section 8 tenants in 3-4 bedroom units. Again, this interrogatory seeks the disclosure of confidential information which cannot be produced. The same would apply to Interrogatory No. 7 of the First Set of Interrogatories and Request for Production addressed to the Housing Authority dated May 2, 2007.

**RESPONSE TO THE SECTION OF THE PLAINTIFF'S MEMORANDUM ENTITLED "FAILURE TO PROVIDE ANY RESPONSES TO CERTAIN INTERROGATORIES"**

In regard to Interrogatory No. 2 of the Plaintiff's First Set of Interrogatories and Request for Production addressed to the Housing Authority dated May 2, 2007, the plaintiffs request an answer and a partial compliance to the discovery dated August 1, 2007 has been provided answering questions 2, 3, 4, 5 and 8.

10
LYNCH, TRAUB, KEEFE AND ERRANTE, P. C.   ATTORNEYS AT LAW
52 TRUMBULL STREET   P.O. BOX 1612   NEW HAVEN, CONNECTICUT 06506-1612
TELEPHONE (203) 787-0275   FACSIMILE (203) 782-0278

W:\11000-11999\11937 HOUSING AUTHORITY\193 RHONDA GAITHER VS. NHHA (CHRO)\PLEADINGS\2007\MEMO OF LAW IN SUPPORT OF PLTS MOT TO COMPEL DATED JULY 24 2007 - DAP 07-31-07.DOC

In regard to Request for Production No. 3 relating to the plaintiff's second request for production dated June 14, 2007, the defendants have provided a response to this request by providing the documentation from HUD in regard to the section 504 reports and response of the Housing Authority to the initial report and the documentation submitted in support of that. Since these materials have already been provided, electronic information is merely duplicative and should not be produced.

In regard to request for production number 4, the plaintiffs seek production of minutes of the Housing Authority Commissioners going back nearly a period of 10 years (the period of time that Mr. Robert Solomon has been involved with the Housing Authority). For the first time in the Memorandum dated July 24, 2007, the plaintiffs set forth the reason that they are requesting this information.

Counsel for the defendants has just learned that the minutes may be electronically stored. If this is the case, then the minutes will be provided to the attorney for the plaintiffs in this form.

For all of the above reasons, the Motion to Compel should be denied.

11
LYNCH, TRAUB, KEEFE AND ERRANTE, P. C.   ATTORNEYS AT LAW
52 TRUMBULL STREET   P.O. BOX 1612   NEW HAVEN, CONNECTICUT 06506-1612
TELEPHONE (203) 787-0275   FACSIMILE (203) 782-0278

W:\11000-11999\11937 HOUSING AUTHORITY\193 RHONDA GAITHER VS. NHHA (CHRO)\PLEADINGS\2007\MEMO OF LAW IN SUPPORT OF PLTS MOT TO COMPEL DATED JULY 24 2007 - DAP 07-31-07.DOC

                        THE DEFENDANTS


                        BY: _____
                        Donn A. Swift
                        Lynch, Traub, Keefe & Errante
                        52 Trumbull Street
                        New Haven, CT  06510
                        Federal Bar: ct05274
                        Tel. 203 787 0275
                        Fax: 203 782 0278
                        e-mail: DSwift@LTKE.com

12
LYNCH, TRAUB, KEEFE AND ERRANTE, P. C.   ATTORNEYS AT LAW
52 TRUMBULL STREET   P.O. BOX 1612   NEW HAVEN, CONNECTICUT 06506-1612
TELEPHONE (203) 787-0275   FACSIMILE (203) 782-0278

W:\11000-11999\11937 HOUSING AUTHORITY\193 RHONDA GAITHER VS. NHHA (CHRO)\PLEADINGS\2007\MEMO OF LAW IN SUPPORT OF PLTS MOT TO COMPEL DATED JULY 24 2007 - DAP 07-31-07.DOC

## **ORDER**

The foregoing having been heard, it is hereby, ORDERED:

GRANTED/DENIED

                                          THE COURT

                                          _____
                                          JUDGE/CLERK

## CERTIFICATION

I hereby certify that a copy of the above was e-filed and/or mailed or emailed on July 31, 2007 to all counsel and pro se parties of record as follows:

Jennifer C. Vickery, Esq.
P. O. Box 1281
New Haven, CT 06505-1281

                                          _____
                                          Donn A. Swift, Esq.

13
LYNCH, TRAUB, KEEFE AND ERRANTE, P. C.   ATTORNEYS AT LAW
52 TRUMBULL STREET   P.O. BOX 1612   NEW HAVEN, CONNECTICUT 06506-1612
TELEPHONE (203) 787-0275   FACSIMILE (203) 782-0278

W:\11000-11999\11937 HOUSING AUTHORITY\193 RHONDA GAITHER VS. NHHA (CHRO)\PLEADINGS\2007\MEMO OF LAW IN SUPPORT OF PLTS MOT TO COMPEL DATED JULY 24 2007 - DAP 07-31-07.DOC