UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

|   |   |   |
|---|---|---|
| KEITH GAITHER p/p/a/ RHONDA GAITHER, and RHONDA GAITHER | : : : : | |
| v. | : : | CIV. NO. 3:07CV0667 (WWE) |
| THE HOUSING AUTHORITY OF THE CITY OF NEW HAVEN, ET AL | : : : | |

DISCOVERY RULING: PLAINTIFFS' MOTION TO COMPEL [Doc. #32]

Plaintiffs brought this action alleging that the New Haven Housing Authority (hereinafter "Housing Authority") discriminated against Keith Gaither, who has cerebral palsy and is in a wheelchair.[1] Plaintiffs allege that the Housing Authority has a history of discriminating against persons in wheelchairs who seek Section 8 housing. In plaintiffs' three count complaint, they allege violations of the Fair Housing Act, Section 504 of the Rehabilitation Act, Section 1983, the United States Housing Act of 1937, as amended, and 24 C.F.R 982.353 (moves with continued assistance/portability) and 24 C.F.R. 8.28 (housing choice voucher program).

Pending is plaintiffs' Motion to Compel Responses to Requests for Production and Interrogatories. The Court heard argument on this motion on September 28, 2007. For the following

---

[1] Keith Gaither is Rhonda Gaither's minor child. The household participates in the Section 8 program.

reasons, plaintiffs' Motion to Compel **[Doc. #32]** is **GRANTED** in part and **DENIED** in part.

The parties organized their discovery disputes into three categories and the Court will address the issues in the same manner: Interrogatory Status, Production Status, and Inspection Status.

I. Interrogatory Status

Interrogatory No. 1 (5/2/07) states,

> For each reasonable accommodation request granted by you in the past three years to a Section 8 tenant who has a mobility impairment, uses a wheelchair, or uses a walker, state the following:
>
> a. describe the request
> b. state how and when you learned of the request
> c. identify the Section 8 tenant who needed such request
> d. identify each person who communicated with you on behalf of the Section 8 tenant about the request
> e. identify who granted the request
> f. identify how request was granted
> g. identify who communicated to the Section 8 tenant that the request had been granted
> h. state how the Section 8 tenant learned that the request had been granted
> i. State when the Section 8 tenant learned that the request had been granted

Defendants have offered to compile a response to this interrogatory so long as it was limited to "reasonable accommodation" requests. (Def.s' Memo. in Opp. to Pl.'s Mot. to Compel at 3). Defendants contend that this proposed response would include all of the reasonable accommodation requests, the type of request made, and the Housing Authority's response. Plainitffs argue that because there are several methods of making a Section 8 request for mobility impaired persons, not all responsive information would be generated under a "reasonable accommodation" request.[2]

As proposed by defendants, these records would be redacted so that no identifying information would be left on the documents. Further, defendants request a protective order to protect the confidentiality of the tenants who have made such requests.[3] Plaintiff argues that there is no reason for such a protective order and that plaintiffs' counsel will seek to physically inspect the unredacted files.[4] In defendant's supplemental memorandum of law in opposition to plaintiffs'

---

[2] Because this interrogatory seeks information that is also covered in Production Request Nos. 5, 6 and 8 (5/2/07), where plaintiff's counsel requests a physical review the records, the Court considers them together to make the most efficient use of the parties' time.

[3] On September 7, 2007 defendants provided the Court with a suggested stipulated protective order.

[4] Plaintiff agreed that there be no need to identify the tenant in the answer to these interrogatories. (Pl.s' Analysis of Discovery 8/15/07). However, this issue is moot when reviewing Interrogatory No. 1 along with the production requests.

3

motion to compel [Doc. #61], defendants state that they have filed a supplemental discovery response on the issue of these reasonable accommodation requests. This, however, does not alleviate the plaintiffs' concerns that all of the relevant information will not be included in these "reasonable accommodation" requests.

It would be less burdensome on the defendants for plaintiffs' counsel to review the files herself rather than have the defendants go through each file and redact information. Thus the Court will enter a protective order limiting access to the unredacted responsive files to "attorneys eyes only." Before disclosing any identifying information publicly, plaintiffs' counsel will consult counsel for the defendants and seek the Court's permission if there is no agreement on the disclosure.[5] Plaintiffs' motion to compel responses to Interrogatory No. 1 is GRANTED.

Interrogatories Nos. 2, 3, 4, and 5

Interrogatory No. 2 states,

State the number of households with disabled members who received a Section 8 voucher for the first time in each of the years 2003, 2004, 2005, and 2006.

Interrogatory No. 3 states,

State the total number of households who received a Section 8 voucher for the first time in each of the years 2003,

---

[5]The protective order applies to all discovery in this case.

2004, 2005, and 2006.

<u>Interrogatory No. 4</u> states,

State the number of households with disabled members who received a Section 8 voucher for the first time in each of the years 2003, 2004, 2005, and 2006, but failed to lease a unit.

Defendants agree to answer all of these interrogatories with a protective order in place. Since the Court has effectuated a protective order, plaintiffs' motion to compel Interrogatories Nos. 2, 3, 4 is GRANTED by agreement.

<u>Interrogatory No. 5</u> states,

Identify the staff member(s) who update HANH's list of accessible units, and those who update the HANH's general list of units.

At oral argument, defendant agreed to respond to Interrogatory No. 5. Accordingly, the motion to compel Interrogatory No. 5 is GRANTED by agreement.

<u>II. Production Status</u>

<u>Production Request No. 2, 3, and 4 (5/2/07)</u>

<u>Production Request No. 2</u> seeks,

All files maintained by you concerning the plaintiffs as Section 8 tenants.

<u>Production Request No. 3</u> seeks,

All documents received by you from plaintiffs.

<u>Production Request No. 4</u> seeks,

All documents possessed by you concerning the plaintiffs.

5

Defendant states that they have provided all of the files responsive to these requests. Therefore, plaintiffs' motion to compel Requests Nos. 2, 3, and 4 is DENIED as moot.

Production Request No. 5 and 6 (5/2/07)

Production Request No. 5 seeks,

All written reasonable accommodation requests received by you in the past 36 months from any person who has a mobility impairment, uses a wheelchair, or uses a walker, and who is a Section 8 tenant, applicant or voucher holder.

Production Request No. 6 seeks,

All written responses to reasonable accommodation requests sent by you in the past 36 months to any person who has a mobility impairment, uses a wheelchair, or uses a walker, and who is a Section 8 tenant, applicant or voucher holder.

Both Production Requests Nos. 5 and 6 seek the information requested in Interrogatory No. 1. With the protective order in place, plaintiffs' counsel will be given the opportunity to inspect the responsive files. Plaintiffs' motion to compel responses to Requests Nos. 5 and 6 is GRANTED.

Production Request Nos. 7, 1 and 2

Production Request No. 7 (5/2/07) seeks,

A copy of each database, list or other record you may possess of accessible Section 8 units in Excel format.

Production Request No. 1 seeks,

Production of the list referred in defendants' answer dated 6/5/07 to #1 of plaintiffs first request for admissions.

Production Request No. 2 seeks,

Production of any documents or electronically stored information you possess that supports your contention that there are accessible four-bedroom units in the New Haven area.

Production Requests Nos. 7, 1, and 2 have been answered pursuant to an order by Judge Egington. Therefore, plaintiffs' motion to compel Requests Nos. 7, 1, and 2 is DENIED as moot.

Production Request No. 3 (6/14/07), 2, 3, and 4 (7/21/07)

Production Request No. 3 seeks,

Documents or electronically stored information you possess relating to the Section 504 Review in its original format.

Production Request No. 2 seeks,

A copy of each document or report that you produced in compliance with the 504 Investigation Report by Carl Harris and the 2007 Voluntary Agreement between HUD and HANH.

Production Request No. 3 seeks,

A copy of each of the Section 8 orientation materials used by HANH from 2003 to the present.

Production Request No. 4 seeks,

A copy of each list of accessible units that you have provided to the plaintiffs at any point since 2003.

Production Request Nos. 3, 2 and 4 have been produced by the defendants. In response to Production Request No. 4, the defendants have provided the Section 8 program manual which satisfies this request to the best of defendants' ability.

Plaintiffs' motion to compel Production Request Nos. 3, 2, 3, and 4 are DENIED as moot.

Production Request No. 5 and 6

Production Request No. 5 seeks,

> A copy of any documents other than lists of accessible units that you claim supports your contention that you assisted the plaintiffs in finding an available accessible unit.

Defendants stated on the record that there are no further documents responsive to Request No. 5. Therefore, the plaintiffs' motion to compel Request No. 5 is DENIED.

Production Request No. 6 seeks,

> A copy of each document that you claim supports your contention that you have assisted Section 8 households that include mobility impaired persons with their search for accessible housing.

In an effort to comply with Request No. 6, defense counsel requested the reasonable accommodation procedure document that will answer what the Housing Authority does when presented with these requests. Further, counsel stated that the requested reasonable accommodation procedure document will include the individual's request and what the Housing Authority's response was. The accommodation procedure document will show how the reasonable accommodation standard has been applied throughout the past three years. Plaintiffs' motion to compel Request No. 6 is GRANTED.

## III. Inspection Status, Requests Nos. 6, 8 and 1

Production Request No. 6 seeks,

> An opportunity to inspect any files you maintain for each Section 8 tenant who currently resides in a 3 or 4 bedroom unit, or alternatively, a list or chart containing the address of each such unit and the following information for each unit:
>
> a. current rent
>
> b. accessibility features of unit, if any
>
> c. utility allowance, if not included
>
> d. address of unit
>
> e. identity of owner
>
> f. number of bedrooms in unit

At oral argument, defense counsel agreed to provide these lists with the protective order in place. Therefore, plaintiffs' motion to compel Request No. 6 is GRANTED.

Production Request No. 8 seeks,

> An appointment to inspect the Section 8 file of each person who has a mobility impairment, uses a wheelchair, or uses a walker.

An individual appointment for each person who has a mobility impairment is not necessary and would be burdensome on the defendants. Consistent with the Court's other rulings and the

9

protective order issued, these files shall be made available to plaintiffs' counsel for inspection. The parties will agree on a time for plaintiffs' counsel to inspect the responsive files. Plaintiff's motion to compel Request No. 8 is GRANTED in part and DENIED in part.

Production Request No. 1 (7/21/07) seeks,

> Inspection of the "reasonable accommodation log" described in the 504 Investigation Report by Carl Harris.

At the discovery hearing, defendants stated that by providing the reasonable accommodation requests for the past three years, this information will be provided.  Plaintiff contends that the defendant is specifically required to keep a "reasonable accommodation log," and defendant does not contest that.  The plaintiff is trying to determine how the Housing Authority dealt with this log and what was contained therein at the time the plaintiffs' request was denied.  Defendants shall produce the "reasonable accommodation log" if it exists; plaintiffs' motion to compel Request No. 1 (7/21/07) is GRANTED.

Plaintiffs' Motion to Compel Requests for Production and Interrogatories **[Doc. #32]** is **GRANTED** in part and **DENIED** in part, in accordance with this ruling.

This is not a recommended ruling.  This is a discovery ruling and order which is reviewable pursuant to the "clearly erroneous" statutory standard of review.  28 U.S.C. § 636 (b)(1)(A); Fed. R. Civ. P. 6(a), 6(e) and 72(a); and Rule 2 of the Local Rules for United States Magistrate Judges.  As such, it

is an order of the Court unless reversed or modified by the district judge upon motion timely made.

ENTERED at Bridgeport this 21st day of February 2008.

\_\_\_/s/_____
HOLLY B. FITZSIMMONS
UNITED STATES MAGISTRATE JUDGE