UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| KEITH GAITHER p/p/a RHONDA GAITHER, and RHONDA GAITHER, | : : : : | |
| Plaintiffs, | : : | |
| v. | : : | Case No. 3:07-cv-667 (WWE) |
| THE HOUSING AUTHORITY OF THE CITY OF NEW HAVEN, JIMMY MILLER, individually and in his official capacity as Executive Director, MAUREEN NOVAK, individually and in her official capacity as Special Assistant to the Deputy Executive Director, and DAVID ALVARADO, IIONA LEFFINGWELL, LOUISE PERSALL, and ROBERT SOLOMON in their official capacities as members of the Housing Authority Commission for the City of New Haven, | : : : : : : : : : : : : : : : | |
| Defendants. | : | |

**RULING ON PLAINTIFFS' EMERGENCY MOTION TO
RECONSIDER DENIAL OF PRELIMINARY INJUNCTIVE RELIEF
BASED ON NEW EVIDENCE, OR TO SUPPLEMENT THE RECORD**

Plaintiffs have filed an emergency motion asking the Court to reconsider its Order Regarding Emergency Motion for Preliminary Injunctive Relief ordered on September 19, 2007 (Doc. #59) based on new evidence, or, in the alternative, to supplement the record on appeal. For the following reasons, the Court will deny plaintiffs' motion.

FACTS

The underlying facts and identities of the parties are set forth in this Court's September 19 order and its Ruling on Plaintiffs' Rule 52 Motion to Amend Findings,

1

ordered on November 13, 2007 (Doc. #69). On October 19, 2007, plaintiffs filed a notice of appeal from the Court's order.

On March 4, 2008, plaintiffs filed the instant motion asking the Court to reconsider its September 19 order, or, in the alternative, to supplement the record on appeal with evidence that came to light in discovery that followed the September 19 order. Specifically, the evidence that plaintiffs would like the Court to review includes:

(1) Excerpts from the deposition of William Heinrichs in which Mr. Heinrichs states that he had never submitted a request for a rent exception for plaintiffs to the Department of Housing and Urban Development in Washington D.C.;

(2) Evidence of a search assistance program for Section 8 participants which, allegedly, would have assisted in the plaintiffs' housing search;

(3) Evidence that defendants have ceased assisting plaintiffs in their housing search despite contrary assurances to the Court;

(4) Evidence that defendants found an appropriate apartment for plaintiffs but did not permit the plaintiffs to rent it; and

(5) Evidence that plaintiffs have access to a grant that would pay for modifications to their home, but which will soon expire.

Defendants object to plaintiffs' motion on the grounds that the Court no longer has jurisdiction to rule on the plaintiffs' motion for a preliminary injunction and that the evidence that plaintiffs seek to introduce was not part of the original record.

## DISCUSSION

**A.  Motion for Reconsideration**

Generally, the filing of a notice of appeal divests the trial court of jurisdiction to rule on substantive matters before the court. See Griggs v. Provident Consumer Discount Co., 459 U.S. 56, 58 (1982) ("The filing of a notice of appeal is an event of

2

jurisdictional significance - it confers jurisdiction on the court of appeals and divests the district court of its control over those aspects of the case involved in the appeal."). Federal Rule of Appellate Procedure 4(a)(4)(A)(iv), however, provides that the trial court has jurisdiction to consider a <u>timely filed</u> motion for reconsideration even when there is a pending notice of appeal. A motion for reconsideration under rule 59(e) of the Federal Rules of Civil Procedure or rule 7(c) of the Local Rules of Civil Procedure must be filed within ten days of the "filing of the decision or order from which such relief is sought." Fed. R. Civ. P. 59(e); Local Rule 7(c). The failure to timely file a motion for reconsideration divests the court of jurisdiction over the motion. Hodge v. Hodge, 269 F.3d 155, 157 (2d Cir. 2001) ("[T]he [timely] filing of a notice of appeal does not divest the district court of jurisdiction to decide any of the postjudgment motions listed in Fed. R. App. P. 4(a)(4)(A)....").

The Court entered its order from which plaintiffs appeal on September 19, 2007; plaintiffs filed their motion for reconsideration on March 4, 2008, long after the ten-day period had expired. Therefore, the Court will deny plaintiffs' motion as untimely filed to the extent that it is a motion for reconsideration.

    **B.**    **Motion to Supplement the Record on Appeal**

Rule 10(e) of the Federal Rules of Appellate Procedure provides that:

> (1)     If any difference arises about whether the record truly discloses what occurred in the district court, the difference must be submitted to and settled by that court and the record conformed accordingly.
>
> (2)     If anything material to either party is omitted from or misstated in the record by error or accident, the omission or misstatement may be corrected and a supplemental record may be certified and forwarded:

> > (A) on stipulation of the parties;
>
> > (B) by the district court before or after the record has been forwarded; or
>
> > (C) by the court of appeals.
>
> (3) All other questions as to the form and content of the record must be presented to the court of appeals.

Rule 10(e) is not meant to allow a party to supplement the record on appeal with new evidence that was not before the trial court. Rather, the purpose of Rule 10(e) is to "correct omissions from - or misstatements in - the record on appeal, not to introduce new evidence in the court of appeals." Schreier v. Weight Waters Northeast Region, 872 F. Supp. 1, 3 (E.D.N.Y. 1994). The moving party must therefore establish that the evidence with which is seeks to supplement the record was "before the lower court in the course of its proceedings leading to the judgment under review and was mistakenly omitted from the record." Xiao v. Continuum Health Partners, Inc., 2002 U.S. Dist. LEXIS 23673, *3 (S.D.N.Y. Dec. 9, 2002); see also J. Moore, 20 Moore's Federal Practice § 310.40[1][c] ("While Appellate Rule 10(e) grants the district and circuit courts latitude in correcting the record, it does not authorize the addition of new material.").

Because the material that plaintiffs seek to introduce into the record was not before the Court at the time of the decision on their Motion for Preliminary Injunction, it would be inappropriate to supplement the record on appeal with the items submitted by them at this stage.

CONCLUSION

For the foregoing reasons, the Court will DENY plaintiffs' motion for reconsideration (Doc. #78).

Dated at Bridgeport, Connecticut, this 31st day of March, 2008.

/s/
Warren W. Eginton
Senior United States District Judge