UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

```
                          :
KEITH GAITHER p/p/a/      :
RHONDA GAITHER, and       :
RHONDA GAITHER            :
                          :
v.                        :  CIV. NO. 3:07CV0667 (WWE)
                          :
THE HOUSING AUTHORITY OF  :
THE CITY OF NEW HAVEN, ET AL :
                          :
```

## DISCOVERY RULING: DEFENDANTS' MOTION FOR RELIEF FROM CURRENT DISCOVERY ORDER [Doc. #93]

Plaintiffs brought this action alleging that the New Haven Housing Authority (hereinafter "Housing Authority") discriminated against Keith Gaither, who has cerebral palsy and is in a wheelchair.[1] Plaintiffs allege that the Housing Authority has a history of discriminating against persons in wheelchairs who seek Section 8 housing. In plaintiffs' three count complaint, they allege violations of the Fair Housing Act, Section 504 of the Rehabilitation Act, Section 1983, the United States Housing Act of 1937, as amended; 24 C.F.R 982.353 (moves with continued assistance/portability) and 24 C.F.R. 8.28 (housing choice voucher program).

Pending is defendants' Motion for Relief from Current Discovery Order.[2] For the following reasons, defendants' Motion

---

[1]Keith Gaither is Rhonda Gaither's minor child. The household participates in the Section 8 program.

[2]The current discovery order was issued by the Court on February 21, 2008, in connection with plaintiffs' Motion to Compel Responses to Requests for Production and Interrogatories.

for Relief **[Doc. #93]** is **DENIED**.

        In its motion, the Housing Authority argues that the current
discovery order is overly broad, unduly burdensome and not
reasonably calculated to lead to the discovery of admissible
evidence.  Defendant contends that there are more than 1,500
files that fall into the category of Section 8 tenants residing
in a 3 or 4 bedroom unit, but that only 300 of these files deal
with family members of tenants who have a disability.
Plaintiffs' concerns remain the same and were considered by the
Court in making its February 21, 2008 discovery ruling.  Those
concerns are, (a) files are sometimes mis-identified, failing to
note disability status; and (b) the desire to review both
disability and non-disability marked files in order to develop
the record on whether the discrimination experienced by the
Gaithers resulted from a pattern of intentional discrimination
throughout the Housing Authority.

        The Court's Order does not require the defendants to remove
the files from the Housing Authority and disrupt operations.
Plaintiff states that she conducted inspections of about 70
reasonable accommodation files, which took sixteen hours and did
not require any oversight by opposing counsel or the Housing
Authority staff.  Moreover, plaintiffs have assured the
defendants that the file inspections will be carried out
unobtrusively.  If counsel is reviewing a file needed by a staff

_____

The Court granted in part and denied in part Plaintiffs' Motion
to Compel [Doc. #32].

member for day-to-day operations, counsel will return the file to the staff member and continue the task with another file.

The Court finds that the current discovery order is reasonably calculated to lead to admissible evidence and not unduly broad or burdensome.  Accordingly, the Court **DENIES** Defendant's Motion for Relief from Current Discovery Order **[Doc. #93]**.

This is not a recommended ruling.  This is a discovery ruling and order which is reviewable pursuant to the "clearly erroneous" statutory standard of review.  28 U.S.C. § 636 (b)(1)(A); Fed. R. Civ. P. 6(a), 6(e) and 72(a); and Rule 2 of the Local Rules for United States Magistrate Judges.  As such, it is an order of the Court unless reversed or modified by the district judge upon motion timely made.

ENTERED at Bridgeport this 23rd day of June 2008.

_____/s/_____
HOLLY B. FITZSIMMONS
UNITED STATES MAGISTRATE JUDGE