UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

KEITH GAITHER p/p/a/
RHONDA GAITHER, and
RHONDA GAITHER

v.  :  CIV. NO. 3:07CV0667 (WWE)

THE HOUSING AUTHORITY OF
THE CITY OF NEW HAVEN, ET AL

DISCOVERY RULING: DEFENDANTS' MOTION FOR
PROTECTIVE ORDER [Doc. #94]

Plaintiffs allege in this action that the Housing Authority of New Haven (hereinafter "HANH") discriminated against Keith Gaither, who has cerebral palsy and is in a wheelchair.[1] Plaintiffs allege that the Housing Authority has a history of discriminating against persons in wheelchairs who seek Section 8 housing. In plaintiffs' three count complaint, they assert violations of the Fair Housing Act, Section 504 of the Rehabilitation Act, Section 1983, the United States Housing Act of 1937, as amended; 24 C.F.R 982.353 (moves with continued assistance/portability) and 24 C.F.R. 8.28 (housing choice voucher program).

On June 25, 2008, the Court heard oral argument on defendants' Motion for Protective Order. For the following reasons, defendants' Motion for Protective Order **[Doc. #94]** is **DENIED**.

---

[1] Keith Gaither is Rhonda Gaither's minor child. The household participates in the Section 8 program.

Discussion

In its motion, the HANH argues that the five depositions sought by plaintiffs are nothing more than a roving fishing expedition with no discernible bounds. The HANH contends that the proposed deponents cannot provide any information beyond what Mr. Heinrichs, defendant's designated representative, has already provided and their depositions are therefore cumulative and duplicative.[2] Specifically, defendants argue that a protective order is appropriate as to Mr. Miller, HANH's Executive Director, because he is a high ranking official and has no unique personal knowledge of the facts at issue.

The Court credits plaintiffs' assessment that each of the proposed deponents will offer information that is relevant and discoverable. Each proposed deponent has interacted personally with the Gaither household regarding their Section 8 applications, and each has been involved in one way or another in communicating with, deciding upon, or carrying out decisions about reasonable accommodation requests from Section 8 participants.

Defendants argue that some courts have restricted parties from deposing high-ranking officials; however, "[h]ighly placed executives are not immune from discovery, and the fact that an

---

[2] Mr. Heinrichs was not deposed as a representative of HANH but rather for his personal knowledge of the case. He was not designated defendant's representative until after his deposition and has since been laid off. Defendants now offer Ms. Woodie as the representative of HANH.

executive has a busy schedule cannot shield that witness from being deposed." General Star Indemnity Co. V. Platinum Indemnity Ltd., 210 F.R.D. 80, 83 (S.D.N.Y. 2002). This is particularly true in a case such as this, where Mr. Miller has personal knowledge of the Gaither case and is not being deposed simply because of his position. Answer at ¶6. Mr. Miller has also penned a number of pieces of correspondence, some making declarations about the extent of HANH's responsibilities under 28 C.F.R. 8.28. See Pl's Mem. in Opp. at 6.

The Court finds that Ms. Woodie, Mr. Regan and Ms. Jones' depositions are relevant. Ms. Woodie has taken on the responsibilities formerly assigned to William Heinrichs as Reasonable Accommodations Coordinator. Mr. Regan and Ms. Jones are each mentioned, in the responsive pleadings filed by the defendants in administrative proceedings between the parties, as persons whom Rhonda Gaither should have asked for help, but did not. See Pl's Mem. in Opp., Ex. C, Def's CHRO pleading.

The Court also finds Ms. Senior's deposition to be proper as she held the position of occupancy specialist during the pendency of the Gaithers' case. Defendants state that Ms. Senior is "out of work at the present time, on medical leave, and as such is unavailable." See Def. Mem. at 3. If Ms. Senior is still on medical leave as the close of discovery approaches, plaintiff may inquire into whether her medical condition precludes her from being deposed; should she become available during the pendency of this case and plaintiffs still wish to depose her, they shall be

3

permitted to do so.

The Court recognizes that the agency depends on the work of the deponents to accomplish its important business; however, the Court is confident that the parties can agree on a schedule that will not cause an undue burden on HANH.  Plaintiff's counsel acknowledged that she would not seek to depose all five persons on the same day.[3]

The Court finds that these depositions are relevant, not cumulative, and do not unduly burden the defendants. Accordingly, the Court **DENIES** Defendant's Motion for Protective Order **[Doc. #94]**.

This is not a recommended ruling.  This is a discovery ruling and order which is reviewable pursuant to the "clearly erroneous" statutory standard of review.  28 U.S.C. § 636 (b)(1)(A); Fed. R. Civ. P. 6(a), 6(e) and 72(a); and Rule 2 of the Local Rules for United States Magistrate Judges.  As such, it is an order of the Court unless reversed or modified by the district judge upon motion timely made.

ENTERED at Bridgeport this 3rd day of July 2008.

                        ___/s/_____
                        HOLLY B. FITZSIMMONS
                        UNITED STATES MAGISTRATE JUDGE

---

[3] Plaintiff's counsel spent two and a half hours on Mr. Heinrichs' deposition and anticipates these five depositions taking about the same amount of time.