```
                    UNITED STATES DISTRICT COURT
                      DISTRICT OF CONNECTICUT
                                            :
KEITH GAITHER p/p/a/                        :
RHONDA GAITHER, and                         :
RHONDA GAITHER                              :
                                            :
v.                                          :   CIV. NO. 3:07CV0667 (WWE)
                                            :
THE HOUSING AUTHORITY OF                    :
THE CITY OF NEW HAVEN, ET AL                :
                                            :
```

<u>     REVISED RULING: PLAINTIFFS' MOTION TO COMPEL [Doc. #32]</u>

   On May 14, 2009, the Court held a conference call regarding all pending discovery issues in <u>Gaither v. Housing Authority of New Haven, et al</u>, 07cv667(WWE) and <u>Taylor v. Housing Authority of New Haven, et al</u>, 08cv557(JBA) and reverses in part it's prior ruling of February 21, 2008 [Doc. #81].

   The Court found Production Requests Nos. 5 and 6[1] duplicative of plaintiffs' request to review and physically inspect the reasonable accommodation files as they would be contained therein.  However, plaintiffs' inspections of the files revealed that the reasonable accommodation request and decision letters were not there.  There are other documents in the files that refer to such documents.  Accordingly, plaintiffs' motion to

---

[1] <u>Production Request No. 5</u> seeks,
All written reasonable accommodation requests received by you in the past 36 months from any person who has a mobility impairment, uses a wheelchair, or uses a walker, and who is a Section 8 tenant, applicant or voucher holder.
<u>Production Request No. 6</u> seeks,
All written responses to reasonable accommodation requests sent by you in the past 36 months to any person who has a mobility impairment, uses a wheelchair, or uses a walker, and who is a Section 8 tenant, applicant or voucher holder.

Compel Production Request No. 5 and 6 (5/2/07) is **GRANTED**.

The Court's ruling remains unchanged in all other respects.

This is not a recommended ruling.  This is a discovery ruling and order which is reviewable pursuant to the "clearly erroneous" statutory standard of review.  28 U.S.C. § 636 (b)(1)(A); Fed. R. Civ. P. 6(a), 6(e) and 72(a); and Rule 2 of the Local Rules for United States Magistrate Judges.  As such, it is an order of the Court unless reversed or modified by the district judge upon motion timely made.

ENTERED at Bridgeport this 14th day of May 2009.

\_\_\_\_/s/_____
HOLLY B. FITZSIMMONS
UNITED STATES MAGISTRATE JUDGE